[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff originally brought this action to foreclose a mechanic's lien as to all the defendants. On or about March 18, 1999 plaintiff filed its second amended complaint against only defendant Funzone of Wethersfield, Inc. (Funzone) in two counts. Actions against all other defendants were withdrawn.
Funzone then filed an answer, four special defenses and a four count counterclaim. Funzone later withdrew special defenses as to both counts of the complaint and counts two and three of its counterclaim.
 Facts
Funzone was either a lessee or an intended lessee of real property in Wethersfield owned by the other defendants when on August 9, 1995 it entered into an agreement with plaintiff for certain contracting work at a price of $125,000. Blueprints were provided. Additional work totaling $16,498.58 was then done by plaintiff in order to comply with the Town of Wethersfield's requirements for a certificate of occupancy. This work was all accepted by Funzone. However, the contract itself, after listing the work to be done, provides that, "Any additional work not mentioned aforesaid to be by written change order." A close examination of all the CT Page 14102 evidence, including the three blueprints, provides no support for their being any kinds of written change orders.
Plaintiff began work September 1, 1995 and finished December 12, 1995 and a certificate of occupancy was issued.
The defendant alleged various defects in the work done, including wallboard taping and painting; bathroom floors; exterior painting; railings; side deck; and sewer system. It provided no pictures of any defect. Plaintiff admits it should have given a $685.00 credit for work not done.
 Law Contract
The court finds that there was a contract; plaintiff performed its responsibilities; and defendant failed to pay the sum of $21,150.00.
 Unjust Enrichment
In addition to its contract claims plaintiff also claims that it performed work beyond the contract for which it was not paid. However, the contract requires written change orders and we have none. As a result of that situation, the plaintiff claims unjust enrichment. Under that equitable doctrine a party to a contract may be paid for its goods and services rendered when no remedy is available under that contract. Bolmerv. Kocet, 6 Conn. App. 595, 612. The complainant must prove (1) that the defendant benefited; (2) that it injustly failed to pay plaintiff for those benefits; and (3) the failure to pay for those benefits injured the plaintiff. The court cannot find that the plaintiff has sustained its burden of proof as to the first requirement. The court has weighed all the equities and cannot find for plaintiff on the second count.
 Counterclaim
The court cannot find by a preponderance of the evidence that plaintiff failed to perform certain work as alleged by the plaintiff or that any work not done was included in the agreement. Nor can the court find that any specific work was done improperly.
The court finds that the contract was $125,000 and plaintiff has been paid $103,850 leaving $21,150 still due. Plaintiff can not prevail on any of its change orders.
Defendant has failed in its burden of proof on its counterclaim except CT Page 14103 as to the $685 which plaintiff admits should have been credited.
Judgement for plaintiff for $20,465.
N. O'Neill, J.